# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>ORLANDO BIRBRAGHER, et al.,<br><br>  Defendants. | No. 07-CR-1023-LRR<br><br>**ORDER** |

## *I. INTRODUCTION*

The matter before the court is Defendant Orlando Birbragher's Sealed Motion for Release for Surgery Pursuant to 18 U.S.C. § 3142(i) ("Sealed Motion") (docket no. 140).

## *II. RELEVANT PRIOR PROCEEDINGS*

On April 18, 2008, Defendant filed the Sealed Motion. On April 20, 2008, the government filed a Sealed Resistance (docket no. 145). On April 21, 2008, Defendant filed a Sealed Reply (docket no. 147).

On April 21, 2008, the court held a hearing ("Hearing") on the Sealed Motion. Attorneys Alfredo Parrish and Andrew Dunn represented Defendant, who was personally present. Assistant United States Attorneys Stephanie Rose and Matthew Cole represented the government.

Without any objection from the parties, the court held the Hearing and received evidence on the Sealed Motion in open court. Further, Defendant repeatedly waived his medical privacy rights at the Hearing.[1] Accordingly, the court shall file the instant Order

---

[1] At the outset of the Hearing, counsel for Defendant made a wholly unsubstantiated allegation against counsel for the government. Counsel for Defendant insinuated that counsel for the government had violated Defendant's medical privacy rights when it obtained a copy of his medical records without permission. In truth, three days earlier

(continued…)

as a public document and direct the Clerk of Court to unseal the Sealed Motion, Sealed Resistance and Sealed Reply. Out of an abundance of caution, however, the court shall direct the Clerk of Court to maintain the attachments to these pleadings under seal, because they contain personal data identifiers. *See* LR 10.h.

### III. FINDINGS OF FACT

Defendant is presently in the custody of the United States Marshal. The United States Marshal is holding Defendant in the Linn County Jail pending his trial in September of 2008. The United States Marshal and the Linn County Jail have a dedicated staff of medical professionals at their disposal to treat a wide variety of ailments. When necessary, inmates are sent off-site for medical treatment at local medical facilities.

Defendant has gall bladder disease. His condition must be monitored closely but is not life-threatening. With proper medication and dietary restrictions, Defendant can control the discomfort that his gall bladder disease would otherwise cause him.

Defendant wants to have elective surgery on his gall bladder. The United States Marshal and the Linn County Jail are fully capable of handling Defendant's medical needs, including scheduling Defendant's surgery at a local medical facility on an outpatient basis and providing Defendant with the requisite post-operative care. Defendant is presently scheduled for surgery in the immediate future. The surgeon is both an M.D. and a member of the American College of Surgeons.

Defendant would prefer to have his surgery in Miami, Florida. Defendant would prefer to have the physician of his own choosing perform the surgery. Defendant would prefer to recover from his surgery in the comfort of his home and with family nearby.

---

[1](…continued)
counsel for Defendant had given express permission to Mr. Michael Carr, Linn County Jail Administrator, to give counsel for the government a copy of Defendant's medical records. Gov't Ex. 10, at 1. The court cautions counsel for Defendant that the undersigned does not tolerate this sort of behavior.

## IV. CONCLUSIONS OF LAW

Title 18, United States Code, Section 3142(i) provides the governing legal standard for resolution of the Sealed Motion. In relevant part, § 3142(i) provides:

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

18 U.S.C. § 3142(i).

In resolving the Sealed Motion, court is not required to revisit (or, in the present case, re-re-visit[2]) the issue of whether Defendant remains a flight risk and should be detained pending his trial. Further, it should also be pointed out that the court has already determined that Defendant is a candidate for elective surgery and should be temporarily released from the Linn County Jail, in the custody of the United States Marshal and other security personnel, for the purposes of obtaining out-patient gall bladder surgery. The only issue presented in the Sealed Motion is whether the court should instead release Defendant, let him fly to Florida on previously purchased plane ticket, let him arrange for a surgery of his choosing at a hospital in Miami and then let him recover in the comfort of his own home and with his family at his bedside.

The court holds that Defendant has not provided the court with a "compelling reason" for the relief sought in the Sealed Motion. Further, to the extent Defendant asks the court to release him to the custody of his wife (with appropriate monitoring), the court finds that his wife is not an "appropriate person." At bottom, Defendant wants to have surgery in the time, place and manner of his choosing and before a surgeon of his choice.

---

[2] Defendant has filed multiple motions to reconsider the court's original order of detention. Defendant has also filed two interlocutory appeals.

Section 3142(i) does not entitle him to such relief. The United States Marshal, the Linn County Jail Administrator, their staffs and their hired surgeon are fully capable of addressing Defendant's medical needs.

Defendant cites two cases in support of his Sealed Motion: *United States v. Scarpa*, 815 F. Supp. 88 (E.D.N.Y. 1993) and *United States v. Cordero Caraballo*, 185 F. Supp. 2d 143 (D.P.R. 2002). Both cases are clearly distinguishable and wholly inapposite to the case at bar.

In *Scarpa*, the district court found a "compelling reason" for the temporary release of a defendant to a hospital, pursuant to § 3142(i). The defendant was terminally ill with AIDS and had sustained a gun shot wound that destroyed most of his face; his family agreed to reimburse the government for round-the-clock security by the United States Marshal's Service; and the staff of the local jail were unable to meet his medical needs. 815 F. Supp. at 90, 92.

In *Cordero Caraballo*, the district court found a "compelling reason" for temporary release of a defendant to his relatives and remain at a medical facility or under 24-hour house arrest at his grandmother's apartment, pursuant to § 3142(i). The defendant had sustained "serious" and "grotesque" gunshot wounds, suffered a heart attack, underwent an emergency tracheotomy, was partially paralyzed, could not use his hand, and had open and infected wounds about his body. *Id.*, *passim*. He was not lucid at times, and some of his open wounds were the size of a closed fist. *Id.* at 145 & n.3. The United States Marshal's Service refused to take custody of Defendant until his wounds closed. *Id.* at 145. The United States Probation Office expressly found that the defendant's relatives were fit to serve as his custodians, and some of the relatives were nurses. *Id.* at 146.

Defendant's gall bladder disease pales in comparison to the ailments of the defendants in *Scarpa* and *Cordero Caraballo*. Further, in the instant case the United States Marshal and Linn County Jail Administrator are ready, willing and able to provide

4

Defendant with appropriate medical care.  As such, Defendant has not presented a "compelling reason" for temporary release.  18 U.S.C. § 3142(i).

### IV.  CONCLUSION

The Sealed Motion (docket no. 140) is **DENIED**.  The Clerk of Court is directed to file the instant Order as a public document and unseal the Sealed Motion (docket no. 140), Sealed Resistance (docket no. 145) and Sealed Reply (docket no. 147).  The Clerk of Court is directed to maintain the attachments to these pleadings under seal.

**IT IS SO ORDERED.**

**DATED** this 25th day of April, 2008.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA