# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 07-CR-1023-LRR |
| vs. | **ORDER** |
| ORLANDO BIRBRAGHER, et al., | |
| Defendants. | |

## I. INTRODUCTION

The matter before the court is Defendant Orlando Birbragher's "Motion to Reconsider Order Denying Reconsideration of the Detention Order and Request to Make Offer of Proof" ("Second Motion") (docket no. 81).

## II. RELEVANT PRIOR PROCEEDINGS

On November 7, 2007, a federal grand jury returned a thirty-one-count Indictment against Defendant and five others.[1] Defendant was charged in two counts. Count 1 charges Defendant with Conspiracy to Distribute Narcotics, in violation of 21 U.S.C. § 846. Count 2 charges Defendant with Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h).

On November 16, 2007, Defendant surrendered in this jurisdiction and was arraigned. He pled not guilty to Counts 1 and 2. The United States orally moved for pre-trial detention of Defendant and requested his detention hearing ("Detention Hearing") be delayed for three days. At Defendant's request, the court then scheduled the Detention Hearing for November 20, 2007.

On November 20, 2007, the court held the Detention Hearing. Attorney Richard

---

[1] The other defendants were Marshall Neil Kanner, Jack Eugene Huzl, Douglas Willis Bouchey, Armando Angulo and Peter Colon Lopez.

J. Diaz represented Defendant at the Detention Hearing. At the conclusion of the Detention Hearing, the court ordered Defendant to be detained pending a written order of the court.

On December 7, 2007, the court issued an Order ("Detention Order") (docket no. 48), in which it ordered Defendant detained without bond pending his trial. The court found Defendant "is a risk of flight and no condition or combination of conditions would reasonably assure his appearance for trial." Detention Order at 48 (citation omitted).[2] Defendant's trial is presently scheduled for September and October of 2008.

On December 14, 2007, Defendant filed a Notice of Appeal (docket no. 52). Defendant sought interlocutory review of the Detention Order from the Eighth Circuit Court of Appeals. On January 25, 2008, the Eighth Circuit Court of Appeals affirmed the Detention Order.

On or about February 14, 2008, Defendant fired Attorney Diaz and hired Attorneys Alfredo Parrish and Andrew Dunn to represent him in this matter.

On February 25, 2008, Defendant filed a "Motion for Evidentiary Hearing and Reconsideration of the December 7, 2007 Detention Order" ("First Motion to Reconsider") (docket no. 76). On March 6, 2008, the government resisted the First Motion to Reconsider. On March 11, 2008, Defendant filed a reply to the government's resistance.

On March 12, 2008, the court denied the First Motion to Reconsider. The court held that the First Motion to Reconsider was procedurally defective. Defendant did not "allege that 'information exists that was not known to [him] at the time of the [Detention Hearing] and that has a material bearing on the issue whether there are conditions of release that will reasonably assure [his] appearance . . . as required and the safety of any

---

[2] The court expressly did not decide whether Defendant was a safety risk. *See* Detention Order at 12.

other person and the community.'" Order ("Order Denying Reconsideration") (docket no. 80), at 1 (quoting 18 U.S.C. § 3142(f)(2)).

On March 18, 2008, Defendant filed the instant Second Motion (docket no. 81). In the Second Motion, Defendant asks the court to reconsider the Order Denying Reconsideration. Defendant makes three new allegations in the Second Motion: (1) Defendant has a deteriorating financial situation; (2) Defendant has a new gall bladder infection; and (3) Defendant received ineffective assistance of counsel from Attorney Diaz at the Detention Hearing and during his appeal of the Detention Order. Defendant asked the court to let him make an offer of proof.

On March 21, 2008, Defendant filed a second Notice of Appeal (docket no. 87). Defendant sought interlocutory review of the Order Denying Reconsideration from the Eighth Circuit Court of Appeals. Defendant's second appeal is pending.

On March 27, 2008, the government filed a Resistance (docket no. 94) to the Second Motion.

On April 7, 2008, the court granted Defendant's request in the Second Motion to make an offer of proof. Specifically, the court ordered:

> On or before **Friday, April 11, 2008, at noon**, Defendant shall file with the court an offer of proof with respect to his new allegations of (1) a deteriorating financial situation; (2) a new gall bladder infection; and (3) ineffective assistance of counsel. Any exhibits that Defendant would propose to offer at a potential hearing on the Second Motion to Reconsider should be filed as attachments to the offer of proof.

Order (docket no. 112), at 1 (emphasis in original, footnote omitted). The court noted that "Defendant did not make these specific allegations at [the Detention Hearing] or in his [First Motion to Reconsider]." *Id.* at 1 n.1.

On April 10, 2008, Defendant filed his Offer of Proof (docket no. 128). On April 11, 2008, Defendant filed a "Proposal for Release of Defendant Birbragher Pending Trial"

("Proposal") (docket no. 129). On April 15, 2008, Defendant filed a "Supplement to Defendant Birbragher's Offer of Proof Requested in Judge Reade's Order of April 7, 2008 Regarding Reconsideration of Detention" ("First Supplemental Offer of Proof") (docket no. 131). On April 22, 2008, Defendant filed a "Supplement to Offer of Proof Requested by Judge Reade's Order of April 7, 2008" ("Second Supplemental Offer of Proof") (docket no. 152).

On April 23, 2008, the government filed Responses (docket nos. 156 and 157) to the Offer of Proof and the Proposal. On April 24, 2008, the government filed a Response ("Third Response") (docket no. 165) to the First Supplemental Offer of Proof. The government has not yet filed a response to the Second Supplemental Offer of Proof, although the time for doing so has not yet passed.

On April 28, 2008, Defendant filed a Reply (docket no. 168) to the government's Response (docket no. 156).

### III. FAILURE TO COMPLY WITH COURT ORDER

As the government points out in its Third Response, Defendant's First Supplemental Offer of Proof and Second Supplemental Offer of Proof are untimely. Defendant filed the First Supplemental Offer of Proof four days late and the Second Supplemental Offer of Proof eleven days late. Accordingly, the court shall strike these pleadings. The court does not consider them in the instant Order.

### IV. ANALYSIS

Title 18, United States Code, Section 3142(f) provides the governing legal standard for resolution of the Second Motion to Reconsider. In relevant part, § 3142(f) provides:

> The [Detention Hearing] may be reopened . . . at any time before trial if the judicial officer finds that information exists that was not known to [Defendant] at the time of the [Detention Hearing] and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required

4

and the safety of any other person and the community.

18 U.S.C. § 3142(f). In the Second Motion, Defendant claims that three categories of information exist that were not known to him at the time of the Detention Hearing: (1) Defendant has a deteriorating financial situation; (2) Defendant has a new gall bladder infection; and (3) Defendant received ineffective assistance of counsel from Attorney Diaz at the Detention Hearing and during his appeal of the Detention Order. In what follows, the court considers each of these three categories in conjunction with the evidence in Defendant's Offer of Proof.

### A. *Deteriorating Financial Condition*

Defendant alleges that his financial situation has deteriorated since the Detention Hearing. Defendant claims that his financial situation is now so dire that it undermines the court's finding in the Detention Order that Defendant is a flight risk.

Notwithstanding Defendant's pleas of poverty in the Second Motion to Reconsider and the Offer of Proof, he is still a very rich man. Critically, he has more than sufficient financial means to flee and sustain himself were the court to release him. On April 21, 2008, the court held a hearing ("Surgery Hearing") on Defendant's "Sealed Motion for Release for Surgery Pursuant to 18 U.S.C. § 3142(i)" ("Second Motion for Temporary Release"). At the Surgery Hearing, Defendant testified as to his present financial situation. Even affording Defendant the benefit of the doubt as to many of his pleas of poverty, he still owns a $4.2 million home with approximately $600,000 in equity. Further, Defendant owns a 76% or 77% interest in "Paso Fino"[3] horse that is valued at

---

[3] A Paso Fino is no ordinary horse. Translated from Spanish as "Fine Gait," a Paso Fino "is a naturally-gaited light horse breed with a history dating back many centuries to Spain." Paso Fino, *available at* http:// en.wikipedia.org/wiki/Paso_Fino (last visited April 28, 2008); *see also United States v. Bazaldua*, 506 F.3d 671, 673 n. 2 (8th Cir. 2007) (taking judicial notice of article in Wikipedia, the online encyclopedia). "They are

(continued…)

5

approximately $180,000. Defendant also owns a business in Panama.

Accordingly, the court declines to reopen the Detention Hearing on the grounds of Defendant's allegedly deteriorating financial condition.

### B. *New Gall Bladder Infection*

The evidence the court heard at the Surgery Hearing also undermines any claim that Defendant is entitled to release because of a new gall bladder infection. At the Surgery Hearing, there was no evidence that Defendant presently suffers from a gall bladder infection. Any infection has healed. Although Defendant still has a gall bladder disease, *see* Order on Second Motion for Temporary Release (docket no. 166), *passim*, his condition is not life-threatening. With proper medication and dietary restrictions, Defendant can control the discomfort that his gall bladder disease would otherwise cause him. Critically, Defendant's gall bladder disease in no way restricts his ability to flee. Defendant testified at the Surgery Hearing that he could readily travel with his gall bladder disease.

Accordingly, the court declines to reopen the Detention Hearing on the grounds of Defendant's alleged gall bladder infection.

### C. *Ineffective Assistance of Counsel*

Finally, Defendant argues that he received ineffective assistance of counsel at the Detention Hearing. Although Defendant makes rather wide-ranging claims of ineffective assistance of counsel in the Second Motion to Reconsider itself,[4] Defendant's Offer of

---

[3] (…continued) prized for their smooth natural gait, and are used in many disciplines, especially trail and endurance riding." Paso Fino, *available at* http:// en.wikipedia.org/wiki/Paso_Fino (last visited April 28, 2008).

[4] For example, in the Second Motion to Reconsider, Defendant alleges that Attorney Diaz provided ineffective assistance of counsel when he failed to properly object
(continued…)

Proof is limited to allegations regarding a breakdown in communication between Defendant and Attorney Diaz around the time of the Detention Hearing and Attorney Diaz's alleged failure to adequately prepare for the Detention Hearing. Defendant's entire offer of proof with respect to his ineffective assistance of counsel claim follows:

> 3. The issue of Ineffective Assistance of Counsel goes specifically to the representation that Counsel made regarding the Detention Hearing and the contact by Mr. Birbragher with his former Counsel prior to the Arraignment and Detention Hearing. The evidence will show as follows:
>    a. Mr. Ross who represents Mr. Kanner had previously counseled Mr. Birbragher and Pharmacom. This is well documented in the discovery files. Mr. Kanner was released pending trial;
>    b. Mr. Birbragher sought counsel from Mr. Diaz only after Mr. Ross met with Phoenix Law Group and Mr. Reinert of the United States Attorney's office;
>    c. Mr. Diaz was constantly contacted by Mr. Birbragher who paid a retainer to Mr. Diaz of $100,000.00 to assist him with the potential criminal charge in addition to assisting him with the detention hearing. Mr. Birbragher asked his counsel whether he should bring witnesses to the detention hearing an prepare in advance for any issues that may concern the court on his release pending trial. As a matter of fact, while the

---

[4](...continued)
to certain past-immunized testimony. To the extent Defendant fails to mention allegations of ineffective assistance of counsel or fails to offer proof in support of such allegations in his Offer of Proof, the court declines to consider his ineffective-assistance-of-counsel claim. *See, e.g., United States v. Workman*, 138 F.3d 1261, 1263 (8th Cir. 1998) (holding that a failure to discuss an argument with specificity or attempt to justify it with legal or factual support is ordinarily a bar to consideration). In any event, Defendant refuses to turn over any evidence in support of his ineffective-assistance-of-counsel claim.

7

matter was pending in the investigative stages, Mr. Birbragher did not move any of his funds in either his personal accounts or his Pharmacom account. That was not the situation with other parties subject to this investigation. He is supporting his position on this by disclosing all of his financial records to the government;

d. Mr. Birbragher has documents to support the position that he called his previous counsel on numerous occasions asking him to contact the United States Attorney's office in the Northern District of Iowa. He sent him e-mails. These e-mails are in the possession of his current counsel but there may be a question of revealing client confidences that needs to be resolved prior to disclosure of these documents. Counsel does not want to compromise attorney/client privilege on the "total" case in order to present information to this Court on the issue of inadequate preparation for a Detention Hearing. Mr. Birbragher has asked that I disclose e-mails he sent to Mr. Diaz requesting meetings with Ms. Rose as long as it does not waive his client conversations with Mr. Diaz on substantive issues involving his defense of the pending charges. Mr. Birbragher and his wife were constantly calling about the progress of the case and where the investigation stood in addition to requesting a meeting with Ms. Rose. On many occasions, his former counsel's office advised the Birbraghers that Mr. Diaz was in Panama or Colombia and would get back to them.

e. Mr. Birbragher came to Iowa to meet on a previous occasion with the government attorney while the case was pending.

f. Mr. Birbragher was never advised that the government was going to seek detention yet the government's counsel will advise the court that they told Mr. Birbragher's previous counsel that

> not only were they going to seek detention but if they sought it, they would more than likely obtain it. After the Detention Hearing, his counsel went back to Florida and came back to Iowa while Mr. Birbragher remained in jail.

Offer of Proof at ¶ 3.

The government responds that Defendant must waive his attorney-client privilege to assert his claims of ineffective assistance of counsel. The government states that it is unable to respond to Defendant's claims of ineffective assistance of counsel absent such a waiver and release of the requisite documentary evidence.

The court assumes without deciding that an allegation of ineffective assistance of counsel qualifies as grounds for reopening a detention hearing pursuant to § 3142(f). Even if such an allegation qualifies, Defendant is not entitled to relief at present. Defendant is impermissibly attempting to use the attorney-client privilege as both a shield and a sword. *United States v. Workman*, 138 F.3d 1261, 1264 (8th Cir. 1998). Defendant may not simultaneously allege a breakdown in communication or otherwise impugn Attorney Diaz without permitting the government to explore the substance of the attorney-client relationship. *Id.* Absent evidence, the court cannot rule.

Accordingly, the court declines to reopen the Detention Hearing on the grounds of ineffective assistance of counsel.

## V. CONCLUSION

The Second Motion (docket no. 81) is **DENIED**. Defendant's First Supplemental Offer of Proof (docket no. 131) and Second Supplemental Offer of Proof (docket no. 152) are **STRICKEN**. The Clerk of Court is directed to file the instant Order as a public document. Because Defendant's gall bladder disease and financial issues were explored fully at the Surgery Hearing, *see* Order on Second Motion for Temporary Release (docket no. 166), at 1-2, the court shall unseal the Offer of Proof (docket no. 128), the First

9

Supplemental Offer of Proof (docket no. 131), the Second Supplemental Offer of Proof (docket no. 152) and the Reply (docket no. 168), as well as the government's Response (docket no. 156) and Third Response (docket no. 165). Pursuant to Local Rule 10.h, the attachments to the Offer of Proof (docket no. 128) shall remain sealed.

**IT IS SO ORDERED.**

**DATED** this 28th day of April, 2008.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA