**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF IOWA EASTERN DIVISION**

| UNITED STATES OF AMERICA, Plaintiff, vs. ORLANDO BIRBRAGHER, *et al.*, Defendants. | No. 07-CR-1023-LRR **ORDER** |
|---|---|

## *I. INTRODUCTION*

The matter before the court is Defendant Orlando Birbragher's "Motion for Temporary Release to Prepare Defense Pursuant to 18 U.S.C. § 3142(i)" ("Motion") (docket no. 91).

## *II. RELEVANT PRIOR PROCEEDINGS*[1]

On March 26, 2008, Defendant filed the Motion. On April 3, 2008, the government filed a Resistance (docket no. 111). On April 8, 2008, Defendant filed a Reply (docket no. 114).

On May 5, 2008, Defendant filed an Offer of Proof (docket no. 188) in support of his Motion. On May 12, 2008, the government filed a Response (docket no. 195) to Defendant's Offer of Proof. On May 13, 2008, Defendant filed a Reply (docket no. 197) to the Response.

## *III. ANALYSIS*

Defendant is detained in the Linn County Jail pending trial, pursuant to a detention

[1] Defendant has filed many motions for release from the Linn County Jail. In a series of orders, the court has denied all of these motions. Defendant has appealed two orders; the Eighth Circuit Court of Appeals affirmed both of them. The court need not set forth all of these prior proceedings in the instant Order.

order. *See* Order (docket no. 48) (finding that Defendant poses a flight risk and no condition or combination of conditions would reasonably assure his appearance for trial). In the Motion, Defendant asks the court to release him from the Linn County Jail. Defendant contends that he is unable to adequately prepare his defense while detained. Defendant points out that this is an extremely complicated and document-intensive case. Defendant also points out that the government will not permit his attorneys to remove or photocopy some of the documents from its open discovery file; instead, Defendants' attorneys must take notes and then physically meet with Defendant. Defendant states that many of the documents are on compact discs ("CDs") and need to be viewed on a computer. Defendant represents to the court that the Linn County Jail's administrator permits his attorneys to bring the CDs and a computer to the Linn County Jail between the hours of 1:00-4:30 p.m. and 6-9 p.m. each day and meet with Defendant in a conference room. Defendant claims that "to review all this information in the [J]ail will take a number of days, substantially increase attorney fees, and not be an efficient use of time." Motion at 6. In the Offer of Proof, Defendant asks the court to release him to live two hours away in Des Moines, Iowa, where his lead counsel lives. Defendant states that he would agree to a number of conditions upon his release, including surrendering his Panamanian passport.

In relevant part, 18 U.S.C. § 3142(i) provides:

> The judicial officer may . . . permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense . . . .

18 U.S.C. § 3142(i). For the reasons stated in the government's Resistance and Response, the court shall deny the Motion. The court need not restate all of these reasons here. It suffices to say that Defendant has not shown that temporarily releasing him to live in Des

Moines is "necessary" for the preparation of his defense. *Id.* The court finds that the United States Marshal and the Linn County Jail Administrator are presently affording Defendant more than adequate time to consult with his attorneys and the requisite means to prepare his defense.

It should be pointed out that, after Defendant filed the Motion, the court continued the trial of this matter approximately three months at Defendant's request in order to give him more time to prepare for trial. By the time of trial, Defendant will have had more than adequate time to prepare his defense—almost one year from the time of Indictment. *See, e.g.*, *United States v. Persico*, No. S 84 Cr. 809(JFK), 1986 WL 3793, *1-2 (S.D.N.Y. Mar. 27, 1986) (denying motion for temporary release approximately one year from Indictment).[2] Presumably, Defendant is familiar with at least some of the documents because they came from his own company.

Defendant's claim that he is prejudiced by the inability to remove certain documents ("the nonremovable documents") from the United States Attorneys' Office wholly lacks merit, because Defendant does not have an absolute right to personally inspect or copy these documents before trial. *See, e.g., United States v. Deering*, 179 F.3d 592, 596 (8th Cir. 1999) (holding district court did not abuse its discretion in failing to permit a defendant the right to personally inspect the government's "open file" and instead permitting his counsel to do so). In any event, Defendant's complaint about these nonremovable documents is severely undercut by the fact that he proposes to be released to a location two hours away from them. For the reasons stated in the court's original detention order, the court finds that Defendant would more likely use the opportunity for temporary release to "fly away" than to view the nonremovable documents.

---

[2] It is worth noting that in the early stages of this case Defendant repeatedly insisted that he be tried as soon as possible. He insisted he would be ready for trial on the originally scheduled trial date in January of 2008.

## *IV. CONCLUSION*

The Motion (docket no. 91) is **DENIED**. The period between the filing of the Motion and this Order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the prompt disposition of the motion); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**IT IS SO ORDERED.**

**DATED** this 28th day of May, 2008.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA